# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI JEAN WARREN, | CASE NO. 1:11-cv-00767---SKO |
| Plaintiff, | **ORDER ON REQUEST FOR STIPULATED PROTECTIVE ORDER** |
| v. | |
| GREAT AMERICAN INSURANCE COMPANY, | |
| Defendant. | |

## I.  INTRODUCTION

On September 22, 2011, the parties filed a stipulated request for a protective order regarding confidential discovery materials. The Court has reviewed the stipulation and request for a protective order and has determined that, in its current form, the Court cannot grant the request for a protective order. For the reasons set forth below, the Court DENIES without prejudice the parties' request.

## II.  DISCUSSION

**A.    The Parties Fail to Comply with Local Rule 141.1**

The stipulation and proposed order do not comply with Local Rule ("L.R.") 141.1. Pursuant to L.R. 141.1(c), any proposed order submitted by the parties must contain the following provisions:

    (1)    A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the

    nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

(2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

(3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

The stipulation and proposed order fails to contain any of this required information.

### 1. The Parties Fail to Provide a Description of the Type of Information Eligible for Protection Under the Proposed Protective Order

Under L.R. 141.1(c)(1), the parties must provide "[a] description the types of information eligible for protection under the order." Such information may be "provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child)." *Id*.

Here, the proposed protective order, under the section indicated as "Definitions," merely sets forth that "[t]he alleged Confidential information includes documents or information which the producing Party reasonably believes not to be in the public domain and contains sensitive or confidential information." (Doc. 16-1, ¶ 3.) This purported definition does not provide a description of the type of information that the parties seek to protect.

In the section of the proposed protective order indicated as "Designation of Other Confidential Information," the parties further fail to provide a description of the types of information eligible for protection under the proposed protective order. Instead, the parties sets forth that "[a] Party may designate any document, tangible thing or information it discloses or produces in the Insurance Litigation as Confidential Information by stamping or otherwise marking such documents, tangible things or information 'Confidential.'" (Doc. 16-1, ¶ 6.) The parties additionally indicate that "portions of deposition testimony, including exhibits," may be designated as confidential and that "[a]ll or any part of a Party's responses to interrogatories, request for admissions or requests for the production of documents may be designated as 'Confidential' Information." (Doc. 16-1, ¶ 7-8.)

The parties' broad definition of confidential information as being "any document," "portions of deposition testimony, including exhibits," and "all or part" of any discovery response does not

provide any description whatsoever regarding "the types of information eligible for protection under the order" as required under L.R. 141.1(c)(1).

  **2.  The Parties Fail to Show a Particularized Need for Protection**

L.R. 141.1(c)(2) requires "[a] showing of particularized need for protection as to each category of information proposed to be covered by the order." The parties fail to show such a particularized need and simply request that any document that a party "believes not to be in the public domain and [that] contains sensitive or confidential information" be covered under the protective order. (Doc. 16-1, ¶ 3.) This is too broad and tenuous a category of information and provides no explanation as to why a particularized need for protection is required or what category of information is covered under the protective order.

  **3.  The Parties Fail to Show Why the Need for Protection Should Be Addressed by Court Order**

LR. 141.1(c)(3) requires that the parties show "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties." The parties fail to address this requirement.

The Court can perhaps glean from the proposed protective order that the parties would like the ability to request that the Court rule on challenges to a party's confidentiality designation. (*See* Doc. 16-1, ¶ 11.) However, it is unclear as to how the Court could decide on such a dispute since, as discussed above, there is no information provided in the proposed protective order defining confidential materials and therefore no guidance given to the Court as to how such a dispute should be resolved.

**B. The Parties' Request for a Blanket Sealing Order is Inappropriate**

The parties' indicate in the proposed protective order that a "filing made by a Party which contains 'Confidential' information shall be filed 'under seal.'" (Doc. 16-1, ¶ 13.)[1] A request for a blanket sealing order is inappropriate.

---

[1] The Court notes that there appears to be a typographical error concerning the numbering of paragraphs in the proposed protective order, as there are two paragraphs numbered "12." *See* Doc. 16-1, p. 4, ln. 13, and p. 5, ln. 1.

3

Every court has supervisory power over its own records and files, and may provide access to court documents at its discretion. *See Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). In the Ninth Circuit, there is a strong presumption in favor of access to court records. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (stipulated order without more insufficient basis to seal court records).

The party seeking to seal a document related to a motion must meet the "good cause" standard set forth by Federal Rule of Civil Procedure 26(c) that applies to protective orders. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677-80 (9th Cir. 2010). "Blanket protective orders" like the protective order at issue here, extend "broad protection to all documents produced [in litigation], without a showing of good cause for confidentiality as to any individual documents."[2] *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 790 (1st Cir. 1988). Such orders are, by nature, overinclusive. *See Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476.

As such, the parties' inclusion in the proposed protective order of a blanket sealing order is inappropriate. If a party seeks to file confidential information under seal with the Court, the filing party must comply with the requirements set forth in L.R. 141 concerning the sealing of documents and must make a "good cause" showing pursuant to Rule 26.

### III.   CONCLUSION AND ORDER

Based on the foregoing, the Court DENIES without prejudice the parties' request for a protective order. If the parties would like the Court to consider their stipulation and request, they are directed to file a revised stipulated request for a protective order that complies with L.R. 141.1(c) and corrects the deficiencies set forth above.

Accordingly, it is HEREBY ORDERED that:

1. The parties shall file a revised stipulated request for a protective order that complies with L.R. 141.1(c) and corrects the deficiencies set forth in this order;

---

[2] Blanket protective orders typically extend broad protection to all documents produced during discovery without a showing of good cause with respect to any individual document.

2. The parties shall email a conforming copy of the stipulation and proposed order to skoorders@caed.uscourts.gov; and

3. If, upon further consideration, the parties determine that there is no need for a Court order due to a private agreement between them, they shall withdraw their request for a protective order.

IT IS SO ORDERED.

**Dated:   September 28, 2011**          /s/ Sheila K. Oberto
                              UNITED STATES MAGISTRATE JUDGE