# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLI JEAN WARREN,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>GREAT AMERICAN INSURANCE COMPANY,<br><br>　　　　　　Defendant.<br>_____ / | CASE NO. 1:11-cv-00767-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE THE PARTIES' JOINT MOTION AND STIPULATION TO EXTEND THE DEADLINE FOR PLAINTIFF'S IME AND DEFENDANT'S DISCLOSURE OF A PSYCHOLOGICAL EXPERT**<br><br>(Docket No. 38) |

## I.   INTRODUCTION

On July 17, 2012, the parties filed a Joint Motion and Stipulation of the Parties to Extend the Deadline for Plaintiff Kelli Jean Warren's ("Plaintiff") independent medical examination ("IME") and Defendant Great American Insurance Company's ("Defendant") Disclosure of a Psychological Expert. (Doc. 38.) For the reasons set forth below, the parties' motion and stipulated request is DENIED without prejudice to filing a renewed request.

## II.   DISCUSSION

The parties' joint motion and stipulation indicates that the parties had engaged in mediation on June 7, 2012, but were unable to resolve the case. (Doc. 38, 1:23-24.) However, the parties state that they are planning a second mediation in either September or October 2012. (Doc. 38, 1:24-25.)

As a result, the parties request that the Court extend the expert disclosure deadline for Plaintiff's psychological IME and Defendant's disclosure of a psychological expert until 60-days after the completion of a second mediation and state that, if the case is not resolved, Plaintiff will submit to a psychological IME within 30-days of the second mediation. (Doc. 38, 2:1-9.) The parties indicate that if they "are able to settle the case at a second mediation, they can avoid the significant cost (estimated $5,000) and inconvenience to Plaintiff (all day evaluation) from this type of IME." (Doc. 38, 2:5-7.)

The parties do not provide any specific dates for when Plaintiff's IME and Defendant's psychological expert disclosure would take place, other than indicating that they would occur within "60-days of the completion of the second mediation," which would take place sometime in "September or October 2012." (Doc. 38, 1:25-2:4.) Although the parties indicate that "[a]ll other deadlines remain in place, expert or otherwise" (Doc. 38, 2:3-4), the Court is concerned that the uncertainty as to the timing of the second mediation, and thus the timing of Plaintiff's IME and Defendant's psychological expert disclosure, could impact other deadlines in this case.

The Court's December 2, 2011, scheduling order sets forth specific deadlines in this action, including a non-expert discovery deadline of 8/28/2012, a expert discovery deadline of 10/23/2012, a non-dispositive motion filing deadline of 10/26/2012, a dispositive motion filing deadline of 11/28/2012, a pre-trial conference date of 2/20/2013, and a jury trial date of 4/16/2013. (Doc. 30.) The parties state that they are planning to hold their second mediation in September or October 2012, and that, if the mediation does not resolve the case, Plaintiff's IME would occur within 30-days and Defendant psychological expert disclosure would occur within 60-days of the completion of the mediation. (Doc. 38, 1:24-25.)

This 60-day time frame following a mediation in September or October 2012 would definitely fall after the current discovery disclosure deadlines, and would likely fall after the current non-dispositive and dispositive motion filing deadlines of 10/25 and 11/28/2012, respectively. (*See* Doc. 30.) As such, the Court is concerned that the parties' assertion that all other current deadlines would remain in place is unlikely. (*See* Doc. 38, 2:3-4.) Additionally, if for some reason the parties do not hold a second mediation, a deadline tied to that event would become meaningless because

there would be no specific date from which the 60-day time period would occur to require the completion of the IME and the psychological expert disclosure.

The Court does not wish to discourage the parties from participating in mediation and is willing to accommodate a request to extend the deadline for Plaintiff's IME and the disclosure of Defendant's psychological expert. However, a deadline based on a potential event occurring at an uncertain time is inadequate and does not sufficiently establish a time frame during which Plaintiff's IME and Defendant's disclosure would occur.

Accordingly, the Joint Motion and Stipulation of the Parties to Extend the Deadline for Plaintiff's IME and Defendant's Disclosure of a Psychological Expert (Doc. 38) is DENIED without prejudice. The parties may renew the request, provided that they set forth a specific date and deadline for the IME and the psychological expert disclosure. Further, the parties should consider whether any newly proposed deadline does, in fact, impact any other scheduled deadlines and, if so, should request and propose revised dates.

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that the parties' Joint Motion and Stipulation to Extend the Deadline for Plaintiff's IME and Defendant's Disclosure of a Psychological Expert is DENIED without prejudice to filing a renewed request that cures the deficiencies outlined above.

IT IS SO ORDERED.

**Dated:   July 19, 2012**               /s/ Sheila K. Oberto
                                   UNITED STATES MAGISTRATE JUDGE